Mr. Lonnie McNatt Director, Vocational Technical Education Division Arkansas Department of Education Three Capitol Mall Little Rock, AR 72201-1083
Dear Mr. McNatt:
This is in response to your request for an opinion regarding a proposed merger of Rice Belt Technical Institute with Phillips County Community College. Your questions focus on the authority and responsibility of the State Board of Vocational Education ("State Board") in this merger request, and the process that should be followed. Your specific questions are restated as follows:
1.) Is the State Board's approval of the merger necessary?
 2.) If so, what are the conditions under which approval can be given? Would the authority under A.C.A. § 6-51-206 to sell or convey lands include the buildings and equipment as well? Would § 6-51-206 allow the State Board to convey the land, buildings and equipment to Phillips County Community College?
 3.) If the State Board decides to approve the request for transfer, would it be obligated to transfer the portion of the Work Force 2000 funds that may be set aside or obligated for Rice Belt Technical Institute?
It is my opinion that the answer to your first question is, in all likelihood, "yes." Arkansas Code Annotated § 6-53-401 (Supp. 1995) states as follows:
 All future mergers or consolidations of state-supported postsecondary vocational-technical institutions with existing community colleges, branch campuses of four-year institutions or with four-year institutions shall be subject to the approval of the board of trustees of the institution, the State Board of Higher Education, and the North Central Association, Commission on Institutions of Higher Education.
You note with regard to this provision that no mention is made of the State Board. This is not, however, in my opinion, determinative of the question. This provision appears to assume that the merger has been approved by the "state-supported postsecondary vocational-technical institution. . . ."[1] The question thus turns on the State Board's role, if any, in the Rice Belt Technical Institute's merger decision.
The difficulty in defining the State Board's role is attributable to the restructuring of vocational education that occurred under the 1991 legislation. See Acts 773 and 1244 of 1991. Although local boards of directors were established for technical institutes (see A.C.A. §6-51-903 (Supp. 1995)), the State Board retains ultimate responsibility with respect to educational programming. A.C.A. § 6-51-904(a)(3) (Supp. 1995); see also A.C.A. § 25-6-101(c) (Supp. 1995). The State Board continues to assign service areas (A.C.A. § 6-51-905(b) (Supp. 1995)), state funds are distributed to the institutes by the State Board (A.C.A. § 6-51-902(c) (Supp. 1995)), and the local boards' rules and regulations must be consistent with those of the State Board (A.C.A. § 6-51-904(b) (Supp. 1995)). In addition, the State Board retains its authority with respect to purchasing, leasing, or constructing buildings, lands, and equipment. A.C.A. § 6-51-205(a) (1987). See also A.C.A. § 6-51-206(a) (1987) (regarding authority to sell, convey, or lease lands).
Thus, although it is stated under A.C.A. § 6-51-903(a) (Supp. 1995) that "[a]ll postsecondary vocational-technical schools, including [technical institutes] . . . shall be governed by a local board of directors[,]" I cannot conclude that the local board's powers and duties negate any role of the State Board in connection with a merger decision. See also A.C.A. § 6-51-904 (Supp. 1995) (setting forth powers and duties of the local board, with no reference to authorizing a merger). Rather, the State Board's continued role and authority in connection with programming, funding, and the physical plant compel me to conclude that its approval of the merger will be necessary.
In response to your second question, my research has yielded no helpful authority regarding either the conditions under which approval can be given, or the actual process to be followed in implementing a merger. With regard, specifically, to A.C.A. § 6-51-206, I do not believe this provision can reasonably be construed to authorize the conveyance in this instance of all the lands, buildings, and equipment. Section 6-51-206
simply authorizes the sale or lease of lands that are "not needed for vocational-educational purposes." A.C.A. § 6-51-206(a) (1987). A transfer of the technical institute's property to the community college is not, in my opinion, reasonably encompassed within this language.
It is my opinion that the State Board's authority to approve a merger and to transfer property and equipment must derive, instead, from its general authority as overall supervisor of the technical institute's educational program, and as owner of the institute's property. While this general authority may well suffice as a basis for acting on this merger request, the absence of specific legislation in this regard perhaps signals the need for future legislative clarification.
It is my opinion that the answer to your last question concerning the Work Force 2000 funds is "no." A transfer of a portion of these funds to the Community College would, I believe, be contrary to the appropriation scheme whereby no more than 73.24% of the funds available from the "Work Force 2000 Development Fund" is to be transferred to the community colleges. See Act 1185 of 1995.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The "board of trustees of the institution" reasonably has reference to the receiving institution. Cf. A.C.A. § 6-53-405(a)(1) (Supp. 1995) (regarding consolidations and the approval of, inter alia, "the board of trustees of the receiving institution.")
[2] Under Act 1199 of 1995, funds transferred to technical institutes or comprehensive lifelong learning centers must not exceed 26.76%.